**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, NW<br>Suite 200<br>Washington, D.C. 20036<br><br> and<br><br>JOSH GERSTEIN<br>Politico<br>3108 Circle Hill Road<br>Alexandria, VA 22305<br><br> Plaintiffs,<br><br> v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br><br> and<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, D.C. 20505<br><br> and<br><br>OFFICE OF DIRECTOR OF<br>NATIONAL INTELLIGENCE<br>Washington, D.C. 20511<br><br> and<br><br>DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000<br><br> Defendants. | Civil Action No. 17-144 |

\* \* \* \* \* \* \* \* \* \* \* \*

# COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking expedited processing of requests submitted by the plaintiffs The James Madison Project and Josh Gerstein to the defendants Department of Justice, Central Intelligence Agency, Office of Director of National Intelligence, and Department of Defense (as well as their subordinate entities).

# JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

# VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

# PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Josh Gerstein ("Gerstein") is the senior White House reporter for Politico, and a representative of the news media.

5. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI")

6. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

7. Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

8. Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the National Security Agency ("NSA").

## FACTUAL BACKGROUND

9. This lawsuit is brought under the Freedom of Information Act ("FOIA") and initially seeks to expedite the ultimate production to the American public of additional information about the alleged blackmail information that pertains to President Donald J. Trump ("President Trump") and that was the subject of a sensitive debriefing session by senior Intelligence Community officials and President Trump.

10. CNN has reported that during the presentation provided to then-President-Elect Trump regarding Russian interference in the 2016 election he was also provided with a two page synopsis appended to the presentation. The two page synopsis included allegations derived from a 35 page "dossier" allegedly compiled by a former British intelligence operative. *http://www.cnn.com/2017/01/10/politics/donald-trump-intelligence-report-russia/index.html* (last accessed January 11, 2017). That 35 page

"dossier" was later published in its entirety by Buzzfeed. *http://money.cnn.com /2017/01/10/media/buzzfeed-trump-report/* (last accessed January 11, 2017).

11. President Trump's expansive financial connections (much of the details of which remain private) already had raised significant concerns regarding potential exposure to foreign influence, and arguably are implicated by the unverified claims contained in the 35 page "dossier" (and, most likely, the two page synopsis). *http://www.huffingtonpost. com/entry/donald-trump-turkey-business_us_5836188ae4b01ba68ac41d9f* (last accessed December 2, 2016); *http://www.cnn.com/2016 /11/21/politics/trump-overseas-business-interests/index.html* (last accessed December 2, 2016). In a press conference on January 11, 2017, President-Elect Trump announced that he will not be divesting his assets but rather will have two of his adult children run the company by way of a trust agreement. *https://www.yahoo.com/news/trump-business-pursue-us-deals-164541819.html* (last accessed January 11, 2017). On January 23, 2017, a lawsuit was filed claiming that President Trump is violating the U.S. Constitution's Emoluments Clause by allowing his businesses to accept payments from foreign governments. *http://thehill.com/homenews /administration/315674-trump-ethics-lawsuit-without-merit* (last accessed January 23, 2017).

12. This lawsuit ultimately will seek to secure not only a copy of the two page synopsis, but will also flesh out the extent to which the Intelligence Community had investigated the veracity (or lack thereof) of the claims in the 35 page dossier prior to creating the two page synopsis.

## **COUNT ONE (FBI)**

13. By letter dated January 11, 2017, the plaintiffs, JMP and Gerstein (referred to jointly as "the Requesters"), submitted to the FBI a FOIA request.

14. The FOIA request specifically sought copies of records, including cross-references, memorializing the following: (1) the two page "synopsis" provided by the U.S. Government to President Trump with respect to allegations that Russian Government operatives had compromising personal and financial information about President Trump; (2) final determinations regarding the accuracy (or lack thereof) of any of the individual factual claims listed in the two page synopsis; and (3) investigative files relied upon in reaching the final determinations referenced in category #2.

15. The FOIA request explained that the Requesters were seeking expedited processing. The Requesters noted that the possibility of one or more of the allegations being accurate raises significant concerns about possible exposure President Trump has to foreign exploitation or blackmail.

16. The FBI was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due by or before January 22, 2017.

17. As of the date of this filing, no response was received from the FBI by the Requesters with respect to expedited processing.

18. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT TWO (CIA)

19. By letter dated January 11, 2017, the Requesters submitted to the CIA a FOIA request. CIA assigned the request Reference F-2017-00649.

20. The Requesters reallege paragraphs 14-15, as the scope of the request to CIA, as well as the issue of expedited processing, was addressed in identical fashion in the CIA request as was done in the request to the FBI.

21. By letter dated January 12, 2017, CIA denied expedited processing claiming the Requesters did not demonstrate that the information was "relevant to a subject of public urgency concerning an actual or alleged Federal activity."

22. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT THREE (ODNI)

23. By letter dated January 11, 2017, the Requesters submitted to ODNI a FOIA request.

24. The Requesters reallege paragraphs 14-15, as the scope of the request to ODNI, as well as the issue of expedited processing, was addressed in identical fashion in the ODNI request as was done in the request to the FBI.

25. ODNI was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due by or before January 22, 2017.

26. As of the date of this filing, no response was received from ODNI by the Requesters with respect to expedited processing.

27. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT FOUR (NSA)

28. By letter dated January 11, 2017, the Requesters submitted to the NSA a FOIA request.

29. The Requesters reallege paragraphs 14-15, as the scope of the request to NSA, as well as the issue of expedited processing, was addressed in identical fashion in the NSA request as was done in the request to the FBI.

30. NSA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due by or before January 22, 2017.

31. As of the date of this filing, no response was received from NSA by the Requesters with respect to expedited processing.

32. The Requesters have a legal right under the FOIA to be granted expedited processing.

WHEREFORE, plaintiffs The James Madison Project and Josh Gerstein pray that this Court:

(1) Orders the defendant federal agencies to grant expedited processing to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   January 23, 2017

                        Respectfully submitted,

                            /s/
                        _____
                        Bradley P. Moss, Esq.
                        D.C. Bar #975905
                        Mark S. Zaid, Esq.
                        D.C. Bar #440532
                        Mark S. Zaid, P.C.
                        1250 Connecticut Avenue, N.W.
                        Suite 200
                        Washington, D.C. 20036
                        (202) 454-2809
                        (202) 330-5610 fax
                        Brad@MarkZaid.com
                        Mark@MarkZaid.com

                        Attorneys for Plaintiffs