## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE JAMES MADISON PROJECT, et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-144 (APM) |
| DEPARTMENT OF JUSTICE, et al., | * * * | (CURRENTLY ON APPEAL) |
| Defendants. | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR AN INDICATIVE RULING

The plaintiffs The James Madison Project and Josh Gerstein (referred to jointly as the "Plaintiffs") brought before this Court a motion seeking reconsideration or, in the alternative, an indicative ruling. The bases for the Plaintiffs' request were the official disclosures of material information by the U.S. Government that occurred subsequent to this Court's January 4, 2018, memorandum opinion. Dkt. #40 (filed February 16, 2018); Dkt. #41 (filed February 26, 2018); Dkt. #42 (filed February 27, 2018). The defendant federal agencies in this action (referred to collectively as the "Defendants") filed a response on March 14, 2018, arguing that the new official disclosures do not undermine their respective Glomar responses and therefore do not justify granting relief to the Plaintiffs. See Dkt. #43 (filed March 14, 2018).

For the reasons set forth below, the Defendants' arguments are insufficient to warrant denying the Plaintiffs their requested relief.

**ARGUMENT**

The Defendants do not dispute the applicable legal standard for relief, as set forth by the Plaintiffs in their pleadings. See Dkt. #40 at 3-4; Dkt. #42 at 2. The Defendants instead focus the entirety of their response on the question of whether the official disclosures in the Nunes Memo and the Schiff Memo sufficiently match any of the records sought by the Plaintiffs in the underlying FOIA requests as a matter of law. See Dkt. #43 at 2-3.

This Court has already provided clarifying guidance regarding the specificity criteria for official disclosures in addressing Glomar responses. See James Madison Project v. Dep't of Justice, 2018 U.S. Dist. LEXIS 1674 (D.D.C. Jan. 4, 2018). In addressing the question of the type of proof required to demonstrate an official disclosure has occurred that waives a Glomar response, this Court noted that one of two accepted methodologies concerns circumstances "where the substance of an official statement and the context in which it is made permits the inescapable inference that the requested records in fact exist." See id., 2018 U.S. Dist. LEXIS 1674 at *18; see also id., 2018 U.S. Dist. LEXIS 1674 at *22 ("Moreover, whether expressly or by inference, the official statement must render it 'neither logical nor plausible' for the agency to justify its position that disclosure would reveal anything not already in the public domain.").

The Plaintiffs respectfully submit that the official disclosures in the Nunes Memo and the Schiff Memo satisfy this stringent specificity requirement.

The Defendants have officially acknowledged – by way of the Nunes Memo – that the defendant Federal Bureau of Investigation created a "source validation report" assessing the accuracy of the allegations in the Steele Dossier. See Dkt. #43 at 2.

Nowhere within the four corners of the Nunes Memo is there any assertion, express or implied, that the source validation report only evaluated *some* of the allegations in the Steele Dossier as opposed to the entirety of the allegations. See Dkt. #40, Exhibit "1" at *6 ("According to the head of the FBI's counterintelligence division, Assistant Director Bill Priestap, *corroboration of the Steele dossier* was in its 'infancy' at the time of the initial Page FISA application.")(emphasis added). The two-page synopsis that is the subject of this FOIA action has been officially acknowledged by all but one of the Defendants to exist and to consist of a summary of specific allegations derived from the Steele Dossier. See James Madison Project, 2018 U.S. Dist. LEXIS 1674 at *5-*6. The inescapable inference to be drawn here is that the vetting referenced in the "source validation report" would have encompassed the allegations contained in the two-page synopsis (as well as the other allegations contained in the Steele Dossier itself but which were not listed in the two-page synopsis).

That inference is only reinforced by the further official disclosure contained in the Schiff Memo. The Schiff Memo acknowledges the Department of Justice has been able to corroborate reporting in the Steele Dossier by way of information obtained through "multiple independent sources" and that was provided as part of subsequent renewal applications for FISA warrants against Carter Page. See Dkt. #41, Exhibit "1" at *6.[1] At least one of those FISA renewal applications appears to have occurred prior to (or around the exact same time as) when then-President-elect Donald Trump was briefed on the details of the two-page synopsis. See Dkt. #41, Exhibit "1" at *5 (first renewal sought in

---

[1] The undersigned humbly apologizes for mis-identifying the page number for this factual citation in the Notice of Supplemental Information in Support of Plaintiffs' Motion for Reconsideration. Dkt. #41 at *2 (filed February 26, 2018).

early January 2017); James Madison Project, 2018 U.S. Dist. LEXIS 1674 at *4-*5 (briefing occurred in early January 2017).

This qualifies as additional material information warranting the inescapable inference that the Defendants have undertaken efforts to, at an absolute minimum, evaluate the accuracy or credibility of the allegations derived from the Steele Dossier that were later summarized in the two-page synopsis.

## **CONCLUSION**

For the reasons outlined in detail above, as well as in the Plaintiffs' prior pleadings, this Court would be well within its discretion to grant Plaintiffs' Motion for Reconsideration or, in the alternative, for an Indicative Ruling.

Date: March 16, 2018

                                              Respectfully submitted,

                                              /s/

                                          _____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C.  20036
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs

4